<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DAVID PODLOG,

               Petitioner,

        v.

JORDAN HOLLINGSWORTH,

               Respondent.

Civil No. 13-7375 (JBS)

**OPINION**

**APPEARANCES:**

David Podlog, *Pro Se*
27764-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge**

    David Podlog, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for the Southern District of New York. Having thoroughly reviewed the record provided by Petitioner and Petitioner's arguments, this Court will dismiss the Petition for lack of jurisdiction.

## BACKGROUND

According to the facts provided by Petitioner and the record of the case (*see* Docket Item 1), Petitioner was convicted in the Southern District of New York for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. On October 5, 1994, he was sentenced to 324 months imprisonment.

Petitioner unsuccessfully challenged his conviction through an appeal (denied by the Court of Appeals for the Second Circuit on June 8, 1995); a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 (denied on April 22, 2003); and a motion with the circuit to authorize a second or successive § 2255 motion (denied May 31, 2013).

Petitioner seeks jurisdiction in this court under 28 U.S.C. § 2241, arguing that he is actually innocent of the crime for which he was indicted, and that the jury did not find him guilty of the crimes for which he was sentenced. (*See* Brief, Docket Item 1-3). He argues that the indictment charged three offenses, § 841(b)(1)(A), (B), and (C), which each have a different statutory maximum sentence (*Id.* at p. 19). He also argues that "the jury was specifically instructed to not consider the drug quantity." (*Id.* at p. 29). Since the drug quantities were "not set forth in the indictment, submitted to the jury, nor found beyond a reasonable doubt by his jury," Petitioner argues that

2

he "is actually innocent of the crime of § 841(b)(1)(A)." (*Id.* at 30).

Petitioner presented his sentencing arguments to the sentencing court, as well as to the Court of Appeals for the Second Circuit. The Southern District of New York expounded on Petitioner's sentencing claims in denying his § 2255 motion, noting:

> Podlog's Presentence Report ("PSR") concluded that his offense level of thirty nine and criminal history category of III mandated a range of 324 to 405 months imprisonment plus five years of supervised release. [Attorney] Lewis objected on Podlog's behalf to the following three determinations in the PSR: (1) that Podlog's base offense level was thirty six for the distribution of between ten and thirty kilograms of heroin; (2) that his offense level should be enhanced from thirty six to thirty nine pursuant to U.S. Sentencing Guidelines § 3B1.1(b) ("§ 3B1.1(b)") for having been an organizer or manager of criminal activity involving five or more participants; and (3) that his sentencing range was 324 to 405 months imprisonment. Additionally, Podlog requested an evidentiary hearing on the three-level § 3B1.1(b) enhancement, claiming that the testimony of a cooperating Government witness would prove that Podlog was not, in fact, an organizer or manager of the criminal activity.
>
> Podlog presented his arguments regarding his role in the offense and his appropriate sentence to this Court at his sentencing. The Court concluded that the PSR's base offense-level determination of thirty six was appropriate for Podlog because he was responsible for the distribution of at least 14.4 kilograms of heroin. The Court concluded that Podlog's three-level § 3B1.1(b) enhancement to thirty nine for his role as an organizer or manager in the offense was appropriate and supported by a preponderance of the evidence. The Court denied his application for a further hearing into this issue in light of the sufficiency of the

evidence against him. As a result, the Court ruled
that the sentencing range stated in the PSR was
correct and sentenced Podlog to 324 months
imprisonment and five years supervised release.

*Podlog v. United States,* 2000 WL 1015903 at **1-2 (S.D.N.Y. July
24, 2000)(footnote omitted). The Court of Appeals for the Second
Circuit summarily rejected Petitioner's claims and affirmed his
conviction and sentence. *See United States v. Podlog*, 35 F.3d
699 (2d Cir. 1994); *see also United States v. Podlog*, 60 F.3d
810 (2d Cir. 1995).

## DISCUSSION

Section 2241 of Title 28 of the United States Code provides
that the writ of habeas corpus shall not extend to a prisoner
unless he "is in custody in violation of the Constitution or
laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).
Nevertheless, a challenge to the validity of a federal
conviction or sentence must be brought under 28 U.S.C. § 2255.
*See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v.
United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is because
28 U.S.C. § 2255 expressly prohibits a district court from
entertaining a challenge to a prisoner's federal sentence
under § 2241 unless the remedy by motion under § 2255 is
"inadequate or ineffective to test the legality of his

detention." See 28 U.S.C. § 2255(e)[1]; *see also Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251). For example, in *Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime,

---

[1]   The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977).

Specifically, § 2255(e) provides:

An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2] *See Dorsainvil*, 119 F.3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251–52; *Cradle v. Miner*, 290 F.3d 536, 539 (3d Cir. 2002); *Okereke*, 307 F.3d at 120; *Trenkler v. Pugh*, 83 F. App'x 468, 470

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).

(3d Cir. 2003).

   In *Okereke v. United States, supra*, the Court of Appeals found that a district court lacked jurisdiction under § 2241 to consider a challenge to a sentence based upon a subsequent Supreme Court case, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that, other than the fact of prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As the *Apprendi* decision dealt only with sentencing, it did not fall within the *Dorsainvil* exception. Here, it is clear that this Court lacks jurisdiction under § 2241 to consider this Petition, which challenges only the propriety of Petitioner's sentence, not the criminality of his conduct.[3] Instead, this Petition must be construed as a successive § 2255 motion, over which this Court, in the district of confinement, not conviction, also lacks jurisdiction.

   Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[3]   Moreover, Petitioner cannot establish that he had no earlier opportunity otherwise to present this challenge to his conviction, as the District Court and the Court of Appeals considered and rejected Petitioner's claim when it was presented through the course of his criminal litigation and § 2255 motion filings.

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because the Court of Appeals has already considered and rejected the claim presented in this Petition in denying Petitioner's previous motion for certification to file a second § 2255 motion, it would not be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Court of Appeals for reconsideration.

For all the foregoing reasons, the Petition will be dismissed.

<u>**CONCLUSION**</u>

The Court dismisses the Petition for lack of jurisdiction. An appropriate order follows.

<u>**s/ Jerome B. Simandle**</u>
JEROME B. SIMANDLE,
Chief U.S. District Judge

Dated:  <u>**March 25, 2014**</u>

8